IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JESSE VAN MYERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:07-CV-0864-B |
| | ) | |
| GREG GIBSON, Superintendent, Crowley ISD, | ) ) | Referred to Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* action complaining of employment discrimination based upon age and race. Plaintiff initially filed this action challenging three separate and distinct acts of discrimination against Fred Fulton of the Slocum ISD in Elkhart, Texas, Bill Chapman of the Ennis ISD in Ennis, Texas, and Greg Gibson of the Crowley ISD in Crowley, Texas. *See* No. 3:07cv0241-B. The Court subsequently severed the action into three separate cases against each of the respective defendants. *See id.* (order filed on May 16, 2007).

Parties:  Plaintiff resides in Ennis, Texas. Defendant is Greg Gibson, Superintendent of the Crowley Independent School District (ISD). The Court has not issued process in this case, but it previously granted Plaintiff's motion to proceed *in forma pauperis*.

Findings and Conclusions:  Claims under Title VII are governed by the venue provisions of 42 U.S.C. § 2000e-5(f)(3), which provides:

> [A]n action may be brought in any judicial district in the state in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.[1]

The events giving rise to Plaintiff's discrimination claims occurred at the Crowley ISD in Crowley, Texas, and involve employees of that office. The City of Crowley is located in Tarrant County, which lies within the Northern District of Texas, Fort Worth Division. 28 U.S.C. § 124(a)(2). Because Plaintiff's claims arise out of events that occurred in Tarrant County, the Court has the authority to transfer this case for the convenience of the parties and witnesses, and in the interest of justice, to the Fort Worth Division of the Northern District of Texas.

A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404. Under this statute the court may transfer a case upon a motion or *sua sponte*. *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761 (5th Cir. 1989). "Decisions to effect § 1404 transfers are committed to the sound discretion of the transferring judge . . . ." *Id.*

---

[1] The Age Discrimination in Employment Act (ADEA) has no specific venue provision, *see* 29 U.S.C. § 626(c)(1), and therefore venue is decided under the general venue provision, 28 U.S.C. § 1391. *Cf. Paterson v. Weinberger,* 644 F.2d 521, 522 (5th Cir. 1981) (discussing subject matter jurisdiction for ADEA claims and implicitly agreeing that general venue provision is controlling for ADEA claims). *See also Florer v. Electronic Data Systems Corp.*, 2003 WL 22203696, *1 (N.D.Tex. 2003) (collecting cases).

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be TRANSFERRED to the Fort Worth Division of the Northern District of Texas.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 5th day of June, 2007.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.